## JAMES C. DAWSON *v.* HIS CREDITORS.

Where a party opposes a tableau for the distribution of an insolvent's estate, upon the ground that a sum has been allowed to the wife of the insolvent upon a judgment in her favor recognizing a tacit mortgage, he must allege the judgment to be fraudulent in order to set it aside.

Where the wife has obtained a judgment against her husband, which became null under C. **DAWSON**
C., 2402, she may institute a second suit and obtain another judgment, the effect of     *v.*
which will not be impaired by the first judgment.                                   **HIS CREDITORS**

APPEAL from the District Court of East Baton Rouge, *Burk*, J.  *J. M.*
*Brunot*, for appellant.  *A. M. Dunn*, for appellee.  The judgment of the
court was pronounced by

SLIDELL, J.  The syndic of *Dawson* filed a tableau of distribution, in which,
after proposing to apply the proceeds of certain lands and slaves to the payment
of certain privileged creditors, he awarded the balance of the fund to *Mrs.
Dawson*, as the holder of a tacit mortgage recognized by a judgment against her
husband.  *Menard* filed an opposition, in which he claims to have held a mort-
gage upon two slaves, and demands the application of the proceeds of their sale
to his debt in virtue of his mortgage.  He did not allege that the wife's judg-
ment was fraudulently obtained, nor tender an issue as to the existence of her
tacit mortgage.

We think the district judge did not err in refusing to recognize the alleged
mortgage right of *Menard*  In 1839, *W. C. Gayle* endorsed several notes for
*Dawson's* accommodation, and *Dawson* executed a mortgage in his favor in the
following terms: "Which three notes were drawn by him, the said *James C.
Dawson :* now he, the said appearer in consequence of said endorsement given
to him through friendship, and in order to secure the said *William C. Gayle*
against any trouble, losses or disbursements of money that could arise, should
the appearer fail to meet the payment of the said notes, or either of them, at
the several times as they will respectively become due, or at any other, should
either of the notes be renewed by him, the said *James C. Dawson*, does hereby
mortgage and hypothecate to the said *William C. Gayle*, his heirs and assigns,
the following property, to wit, two slaves," &c.

The note offered in evidence by *Menard*, is not one of the notes described
in the mortgage, nor is it proved to have been given in renewal of one of those
notes.

It is said that the judgment obtained by *Mrs. Dawson* is null on its face,
because it appears from its recital that there had been a previous judgment of
separation obtained by her against her husband.  It does so recite ; but it also
recites that the previous judgment had become null under the article 2402 of
the code, for want of execution.  So that the wife had a right to institute a
second suit.  See *Muse* v. *Yarborough*, 13 L. R. 532.

The judgment of the district court is therefore affirmed, with costs.